NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-13609
SJC-13610

JOHN SCHNEIDER & others[1] <u>vs</u>.  ATTORNEY GENERAL & another.[2]

MAX PAGE & others[3] <u>vs</u>.  ATTORNEY GENERAL & another.[4]

Suffolk.     May 22, 2024. - June 27, 2024.

Present:  Budd, C.J., Gaziano, Kafker, Wendlandt, Georges, & Wolohojian, JJ.

<u>Initiative</u>.  <u>Constitutional Law</u>, Initiative petition.  <u>Attorney General</u>.  <u>Massachusetts Comprehensive Assessment System Examination</u>.

<u>C</u><u>ivil action</u> commenced in the Supreme Judicial Court for the county of Suffolk on May 16, 2024.

The case was reported by <u>Wolohojian</u>, J.

---

[1] Sixty-eight registered voters of the Commonwealth.  We refer to Schneider and the additional sixty-eight voters in case no. SJC-13609 collectively as the Schneider plaintiffs.

[2] Secretary of the Commonwealth.

[3] Sixty-five registered voters of the Commonwealth.  We refer to Page and the additional sixty-five voters in case no. SJC-13610 collectively as the Page plaintiffs.

[4] Secretary of the Commonwealth.

Civil action commenced in the Supreme Judicial Court for the county of Suffolk on May 9, 2024.

The case was reported by Wolohojian, J.

The cases were submitted on briefs.
Henry C. Dinger for John Sceider & others.
Sarah K. Grossnickle, of Maine, & Thomas O. Bean for Max Page & others.
Andrea Joy Campbell, Attorney General, Anne Sterman & Phoebe Fischer-Groban, Assistant Attorneys General, for the defendants.
Frank J. Bailey, John C. La Liberte, & Nicholas M. O'Donnell, for Pioneer Public Interest Law Center & others, amici curiae.

WOLOHOJIAN, J.  The plaintiffs in these paired cases challenge, pursuant to G. L. c. 54, § 53, the title and one-sentence "yes/no" statements prepared by the Attorney General and the Secretary of the Commonwealth (Secretary) with respect to Initiative Petition 23-36, "A Law Requiring that Districts Certify that Students Have Mastered the Skills, Competencies and Knowledge of the State Standards as a Replacement for the MCAS Graduation Requirement" (petition).  Although they give different reasons, both sets of plaintiffs argue that the title and the one-sentence statements are "false, misleading or inconsistent with the requirements of" § 53, and ask that we

amend them.  We conclude that the title and one-sentence statements satisfy § 53, and accordingly deny the relief sought.[5]

Background.[6]  Under our existing law, students attending public schools and students educated with State funds must satisfy a "competency determination" as a condition for high school graduation.  See G. L. c. 69, § 1D (i); Student No. 9 v. Board of Educ., 440 Mass. 752, 758 (2004).  Competency, in turn, is measured by a student's performance on what are known as the Massachusetts Comprehensive Assessment System (MCAS) tests.  See G. L. c. 69, §§ 1D (i), 1I; 603 Code Mass. Regs. § 30.03 (2022).

---

[5] We acknowledge the amicus brief submitted by Pioneer Interest Law Center, Michael Contompasis, and James A. Caradonio.

[6] The Page plaintiffs and Schneider plaintiffs filed their complaints in the Supreme Judicial Court for Suffolk County on May 9 and 16, 2024, respectively.  A single justice paired, reserved, and reported the two cases for consideration by the full court.

Both complaints were timely filed within twenty days of publication of the title and one-sentence statements, which did not occur until April 26, 2024.  See G. L. c. 54, § 53. "[B]ecause we make every effort to resolve ballot cases before the voter information guide and ballots are sent for printing in early July," Hensley v. Attorney Gen., 474 Mass. 651, 671-672 (2016), we find ourselves once again put in the undesirable position of deciding a § 53 challenge at the "proverbial eleventh hour."  See id.  We reiterate our request that the Attorney General and Secretary "consider preparing and publishing the title and one-sentence statements under § 53 no later than twenty days in advance of February 1 of the election year" so that "challenges brought under the statute [can] proceed in the normal course, at a more orderly pace, and not, as here, at the proverbial eleventh hour."  Id.

The one-paragraph petition proposes redefining competency by ending MCAS tests as the relevant measure and, instead, requiring a student to

"satisfactorily complet[e] coursework that has been certified by the student's district as showing mastery of the skills, competencies, and knowledge contained in the state academic standards and curriculum frameworks in the areas measured by the MCAS high school tests . . . , and in any additional areas determined by the board."

Pursuant to art. 48 of the Amendments to the Massachusetts Constitution, the Attorney General certified the petition and prepared the following summary of its provisions:

"This proposed law would eliminate the requirement that a student pass the [MCAS] tests (or other statewide or district-wide assessments) in mathematics, science and technology, and English in order to receive a high school diploma. Instead, in order for a student to receive a high school diploma, the proposed law would require the student to complete coursework certified by the student's district as demonstrating mastery of the competencies contained in the state academic standards in mathematics, science and technology, and English, as well as any additional areas determined by the Board of Elementary and Secondary Education."

No one (whether the plaintiffs here or any other set of voters) has challenged either the Attorney General's certification or her summary.

Thereafter, the Attorney General and Secretary published in the Massachusetts Register the ballot question title and one-sentence statements that are at issue in this case. They state as follows:

> Title: "Elimination of MCAS as High School Graduation Requirement."
>
> "Yes" one-sentence statement: "A YES VOTE would eliminate the requirement that students pass the [MCAS] in order to graduate high school but still require students to complete coursework that meets state standards."
>
> "No" one-sentence statement: "A NO VOTE would make no change in the law relative to the requirement that a student pass the MCAS in order to graduate high school."

The one-sentence statements are slated to appear on the November Statewide election ballot together with the petition and the Attorney General's summary. See G. L. c. 54, § 42A. They will also appear, together with the title, petition, summary, and other information, in the Information for Voters guide mailed to voters. See G. L. c. 54, §§ 53, 54.

Discussion. General Laws c. 54, § 53, in relevant part, instructs the Attorney General and Secretary to prepare jointly "a ballot question title" and "fair and neutral [one]-sentence statements describing the effect of a yes or no vote." Section 53 allows any fifty voters to file a petition seeking to have the title or statements be amended. G. L. c. 54, § 53. However, such relief will be granted "only if it is clear" that the title or one-sentence statements are "false," "misleading," or otherwise "inconsistent with the requirements of [§ 53]". Id. "[W]e afford deference to 'the Attorney General's and the Secretary['s] reasonable judgments in deciding what to include in the [title and the] one-sentence statements." Anderson v.

Attorney Gen., 490 Mass. 26, 34 (2022), quoting Dunn v. Attorney Gen., 474 Mass. 675, 688 n.12 (2016). "Such deference is entirely appropriate, given the challenge of creating a title that fairly characterizes a sometimes complex petition and of drafting a single sentence that fairly and neutrally describes the consequence of a 'yes' or 'no' vote regarding such a petition." Hensley v. Attorney Gen., 474 Mass. 651, 668 (2016).

The crux of the arguments advanced by both sets of plaintiffs is that the title and one-sentence statements are misleading because they are incomplete. The Page plaintiffs argue that the title and one-sentence "yes" statement are misleadingly incomplete because they mention only that the petition will eliminate MCAS as a graduation requirement, without also stating that MCAS would be replaced with something else. They accordingly ask that we make the amendments set out in the margin.[7] The Schneider plaintiffs assert that the title and one-sentence statements are misleadingly incomplete because, by referencing only the elimination of MCAS as a graduation

---

[7] The Page plaintiffs ask us to substitute the term "elimination" with the term "replacement" in the title and to amend the one-sentence "yes" statement to be as follows: "A YES VOTE would require that for a student to graduate high school, the school district must determine that the student satisfactorily completed coursework certified by the district as demonstrating mastery of state curriculum standards instead of passing the MCAS."

requirement, they do not disclose that the petition would prohibit the use of any uniform Statewide assessment as a graduation requirement. The Schneider plaintiffs' proposed amendments also appear in the margin.[8]

We assess these arguments keeping in mind that the title and the one-sentence statements generally "'cannot, and should not, attempt to describe all the elements of a proposed measure' because 'that would undermine their usefulness as a shorthand reference for voters'" (alteration omitted). Anderson, 490 Mass. at 34, quoting Dunn, 474 Mass. at 688 n.12. Instead, they are designed to be concise, and "conciseness and completeness are often incompatible." Bowe v. Secretary of the Commonwealth, 320 Mass. 230, 243 (1946). In determining whether a title or one-sentence statement is misleadingly incomplete, we consider it "in the context of the other information that will be furnished to voters in the information guide prepared by the Secretary and on the ballot." Hensley, 474 Mass. at 669. An incomplete title or one-sentence statement is clearly misleading only where, in the context of other information provided to voters, its incompleteness results in a significant

---

[8] The Schneider plaintiffs ask us to substitute the term "MCAS" with "any uniform statewide assessment" in both the title and one-sentence statements.

mischaracterization of the petition's substance.  See, e.g., id. at 668-669.

Here, the short petition addresses a single regulatory issue (high school graduation requirements), and the title and one-sentence statements accurately characterize what the petition proposes to do (eliminate MCAS tests as a graduation requirement).  It is true, as the plaintiffs point out, that the petition would also (i) replace the MCAS requirement with a new assessment scheme and (ii) prohibit any future Statewide assessment from being used as a graduation requirement.  But these are not distinct regulatory features of the petition.  The title and one-sentence statements do not need to describe every feature of the petition.  See Hensley, 474 Mass. at 669 n.28 (even though petition would also legalize, regulate, and tax "hashish" and "food products with tetrahydrocannabinol [THC]," title did not need to reference these products).  Here, we defer to the Attorney General and Secretary's reasonable decision that the information did not need to be included.  See Anderson, 490 Mass. at 34.  And we see no risk that the missing information would mislead voters given that the short, one-paragraph petition, and the Attorney General's equally short and concise one-paragraph summary, explicitly and clearly explain the details of the petition and provide context for the title and one-sentence statements.

The features of the petition omitted from the title and one-sentence statements here are not analogous to the information missing from the title that gave us concern in Hensley.  See Hensley, 474 Mass. at 668-669.  There, the petition contained a long and complicated scheme that had three distinct regulatory features:  the legalization of marijuana, its regulation, and its taxation.  Id. at 669.  The title, however, referred only to "Marijuana Legalization," and we accordingly concluded that it was clearly misleading because it did not include reference to the two other major features of the petition.  Id.  At the same time, Hensley teaches that not all omissions from a title or one-sentence statement are clearly misleading.  For example, we concluded that the title did not need to include the term "adult use," reasoning that an average voter would reasonably understand that the legalization of marijuana would not extend to people under the age of twenty-one.[9]  See id. at 669 n.28.  Here, as we have already noted, what are omitted from the title and one-sentence statements are not distinct regulatory features of the petition.

We now turn to two additional arguments forwarded by the Page plaintiffs.  First, the Page plaintiffs argue that the one-

---

[9] We used "average voter" in Hensley as shorthand for the objective inquiry of whether voters would be clearly misled by an omission in the title.

sentence "yes" statement is misleading because it does not explicitly state that the new proposed assessments standard would be a graduation requirement. Under the Page plaintiffs' reading, the "yes" statement categorizes the assessments standard as a general academic requirement rather than as a graduation requirement. We are not persuaded. The petition itself only addresses graduation requirements, and thus the one-sentence "yes" statement is reasonably understood as referencing graduation requirements.

Second, the Page plaintiffs argue that the word "still" in the one-sentence "yes" statement incorrectly implies that students are required under current law to complete coursework meeting State standards to graduate high school, and that the statement accordingly fails to explain that such coursework would be a replacement graduation requirement under the proposed law. This argument depends on accepting the Page plaintiffs' contention that "still" is used to mean "continually." But a natural reading of the one-sentence statement makes clear that the term "still" is used to mean "nevertheless." Merriam-Webster Online Dictionary, https://www.merriam-webster.com /dictionary/still [https://perma.cc/8T9P-83E9]. Thus, contrary to the Page plaintiffs' contention, the "yes" statement explains that the petition would replace the MCAS graduation requirement.

Conclusion.  The matter is remanded to the county court for entry of a judgment declaring that the Attorney General and Secretary's title and one-sentence statements describing the effects of a "yes" vote and a "no" vote are in compliance with the requirements of G. L. c. 54, § 53.

So ordered.